Jaime TECANHUEHUE–GONZALEZ,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–72925.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 4, 2004.*

Decided Nov. 9, 2004.

Gerald K. Roberts, Esq., Pittsburg, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, James R. Grimes, Esq., Anh–Thu P. Mai, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

The Board of Immigration Appeals (BIA) did not abuse its discretion by denying petitioner's motion to reopen. Even if petitioner satisfied the requirements established in *Matter of Lozada,* 19 I & N Dec. 637 (BIA 1988), for a claim of ineffective assistance of counsel, he failed to dem-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

onstrate prejudice from counsel's alleged shortcomings. *See Munoz v. Ashcroft,* 339 F.3d 950, 955 (9th Cir.2003). Although petitioner claimed counsel failed to file a timely appeal, the immigration judge had granted petitioner voluntary departure—the only relief sought.

For the first time on appeal, petitioner argues prejudice from counsel's advice to withdraw his asylum application and instead seek only voluntary departure. This claim has not been exhausted before the BIA, and petitioner is therefore precluded from raising the claim before this court. *See Socop–Gonzales v. INS,* 272 F.3d 1176, 1183 (9th Cir.2001).

Petitioner also asks this court to restore his voluntary departure *nunc pro tunc.* However, petitioner appeals not from the initial order of deportation but from the separate denial of a motion to reopen. This court lacks the authority to revive an already expired period of departure that was part of a separate order not currently on appeal. *Cf. Contreras–Aragon v. INS,* 852 F.2d 1088, 1097 (9th Cir.1988) (en banc).[1]

**PETITION DENIED.**

---

1. *Contreras–Aragon* applies to transitional rule cases such as this one. *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004).

